**Dennis LEE, Petitioner–Appellant,**

v.

**UNITED STATES of America, City of Buffalo, City of New York, New York City Housing Authority, City College of the City of New York, Dime Sav-**

ings Bank, Underhill Wiping Cloth, RJD Security Co., FJD Security Service, Rural Metro Ambulance Respondents–Appellees.

No. 02–6056.

United States Court of Appeals, Second Circuit.

Dec. 16, 2002.

Dennis Lee, New York, New York, for Appellant, pro se.

Andrew O'Toole, Assistant United States Attorney for the Southern District of New York, New York, New York, for the United States of America, David R. Hayes, Assistant, Corporation Counsel, City of Buffalo, Buffalo, NY, for the City of Buffalo, for Appellee.

PRESENT: Hon. F.I. PARKER, Hon. STRAUB, and Hon. B.D. PARKER, JR., Circuit Judges.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 16th day of December, Two Thousand and Two.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Petitioner-appellant Dennis Lee appeals from a July 10, 2002 judgment dismissing *sua sponte* plaintiff-appellant's *pro se* amended complaint as against all defendants. Appellant argued that the district court should have read his complaint more liberally and questioned the district court's conclusions as to *res judicata.*

The lower court appears to have dismissed plaintiff-appellant's claim under Federal Rule of Civil Procedure 8 ("Rule 8"). Rule 8 requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Under the liberal pleading standards of Rule 8, "a plaintiff must disclose sufficient information to permit the defendant 'to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery.'" *Kittay v. Kornstein,* 230 F.3d 531, 541 (2d Cir.2000) (quoting *Ricciuti v. New York City Transit Auth.,* 941 F.2d 119, 123 (2d Cir.1991)).

This court reviews a district court's dismissal under Rule 8 for abuse of discretion. *Id.* In general, when a district court dismisses a complaint under Rule 8, the plaintiff should be given leave to amend. *See Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir.1988). However, dismissal without leave to amend is proper in "extraordinary circumstances, such as where leave to amend has previously been given and the successive pleadings remain prolix and unintelligible". *Id.* Lee was afforded several opportunities in prior cases to amend his complaint to comply with Rule 8. Given its prior familiarity with the case, we cannot

conclude that the district court abused its discretion.

For the foregoing reasons, the judgment of the district court is AFFIRMED.